NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE ANDRADE RICO,

        Plaintiff - Appellant,

  v.

CLARK E. DUCART; JIM ROBERTSON;
D BRADBURY; Associate Warden G. W.
OLSON; B. RAMSEY; TAYLOR
MELTON, Personal Representative,

        Defendants - Appellees.

No. 24-3038

D.C. No. 2:19-cv-01989-KJM-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted January 22, 2026[**]

Before: WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

California state prisoner Jorge Andrade Rico appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eighth Amendment arising from his incarceration at Pelican Bay State Prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010). We affirm.

The district court properly dismissed Rico's action because defendants are entitled to qualified immunity. *See Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024) ("Qualified immunity protects government officials from liability under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." (citation and internal quotation marks omitted)); *Rico v. Ducart*, 980 F.3d 1292, 1300 (9th Cir. 2020) (holding that case law does "not put beyond debate the lawfulness of periodic noise resulting from court-ordered suicide-prevention checks and the immutable characteristics of a solitary confinement unit" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying leave to amend because it is apparent from the record that amendment would be futile. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that futility of amendment is a proper justification for the denial of leave to amend).

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**